[601 NYS2d 155]

In the Matter of JOHN W. BLAHA (Admitted as JOHN WILLIAM BLAHA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 9, 1993

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner moved to confirm the report of the Special Referee. The respondent has submitted an affirmation in response, in which he notes that the charges are not in dispute and requests that the Court impose such discipline upon the respondent as it deems just and proper.

Charge One alleged that the respondent failed to cooperate with the legitimate investigations of the Queens County Bar Association and the Grievance Committee into his alleged professional misconduct. On or about June 18, 1989, a client filed a complaint of professional misconduct against the respondent with the petitioner, which the petitioner thereafter transferred to the Queens County Bar Association for appropriate action. By letters from the Bar Association dated October 23, November 7, 15, and 29, 1989, the respondent was asked to submit a reply to the complaint. The respondent failed to submit any reply. On or about March 8, 1990, the Queens County Bar Association returned the matter to the petitioner for appropriate action and disposition.

By letters dated March 19, April 10, and June 6, 1990, the Grievance Committee requested that the respondent submit an answer to the complaint within 10 days. The respondent again failed to submit an answer. The respondent also failed to respond to an order to show cause, which was personally served upon him on June 29, 1990, seeking his suspension from the practice of law based upon his failure to cooperate. That motion was granted, and the respondent was suspended by decision and order of this Court dated October 18, 1990, pending further order.

Charge Two alleged that the respondent failed to cooperate with the investigations of the petitioner regarding another complaint filed against him on or about June 1, 1990. On June 6, 1990, the petitioner sent the complaint to the respondent,

with a request that a written answer be submitted within 10 days.

On or about September 26, 1990, a third complaint of professional misconduct was filed against the respondent with the petitioner. The petitioner sent that complaint on September 28, 1990, with a request that a written answer thereto be submitted within 10 days.

On or about December 12, 1990, a fourth complaint of professional misconduct was filed against the respondent with the petitioner. The petitioner sent that complaint to the respondent on December 14, 1990, with a request that a written answer thereto be submitted within 10 days.

The respondent failed to answer any of those three complaints.

Charge Three alleged that the respondent failed to file an affidavit of compliance with the October 18, 1990 order suspending him from the practice of law in the State of New York. That order directed the respondent, *inter alia,* to promptly comply with the Court's rules governing the conduct of disbarred, suspended, and resigned attorneys. Pursuant to 22 NYCRR 691.10 (f), the respondent was required to file an affidavit of compliance with the Clerk of this Court within 10 days after the effective date of his suspension. The respondent has failed to file the required affidavit of compliance.

Based upon the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained the three charges of professional misconduct. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, including his emotional distress and the fact that he has finally submitted answers to the complaints which are the subject of this proceeding. The respondent's prior disciplinary history, however, bears noting. It involves a Letter of Caution, two Letters of Admonition, and, most recently, a personally delivered Admonition to impress upon him the severity of his misconduct in failing to promptly turn over funds to a mortgagor and failure to cooperate with the investigation. Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John W. Blaha, admitted under the name John William Blaha, is suspended from the practice of law for a period of one year, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during the one-year period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John W. Blaha, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.